Martin, J.
delivered the opinion of the court.* This case is before the court on three bills of exceptions, to the opinion of the court.
plemental petition. 1. In refusing: to discharge the bail of the o o defendant, on the ground that the affidavit the plaintiff, for the purpose of obtaining bail, was not annexed to the original, but to a sup- © 7 »
2. In directing the jury that the general © J- J o principle of the law of nations, “ that a person x r 7 a is considered, as having contracted, in that place in which he bound himself to pay, or x r *i J perform his obligation, (as laid down in 2 Huber. Pre. 6, 1, t. 3) was repealed by the Civil Code, 4, art. 10.”
3. In denying a new trial, on the defendant’s affidavit, that the jury were not summoned legally; a circumstance which did not come to his knowlege till after the trial.
I. \Ve think the district court was correct in holding, that the affidavit necessary to hold *24 the defendant to bail, may be annexed to a supplemental as well as to an original petition. The law has made no distinction; it suffices that it be filed with the petition. We have held, that interrogatories may be filed with a supplemental petition.
II. I do not see, that the part of the Civil Code quoted affects the principle cited by Huherus. He means to say, that wherever the obligation be contracted, the performance must be according to the laws of the place where it is to take place. For example, that the days of grace, allowed in certain places, are to be reckoned according to the laws and usages of the place, in which the bill is to be paid, not of the place where it is drawn.
The Civil Code, in the part quoted, provides only, that “ the form and force of acts and written instruments depend on the laws and usages of the places where they are passed or executed.”
We see nothing contradictory in the two propositions; both may well stand together. An instrument,as to its form and the formalities attending its execution, must be tested by the laws of the place where it is made ; but the laws and usages of the place where the obli *25 gation of which it is evidence, is to be fulfil-ed, ,must regulate the performance. A bill,' drawn out of London, must be paid at the expiration of the days of grace, which the laws and usages of that place recognise, but need not have those stamps which are by law required on a bill drawn there.
Duncan for plaintiff, Delachaise for defendant.
We think the district, court erred in this instance.
III. It, was correct in disallowing the new trial, on the allegation that the jury were not properly drawn out. The objection came too late after the verdict was received and recorded.
It is therefore ordered, adjudged and decreed, that the judgment of the district court T>e annulled, avoided and reversed, and the cause be remanded for trial, with directions to the judge not to charge the jury — that the principle, that a person is considered as having contracted ip the place, in which he bound himself to pay or perform his obligation, is repealed by the part of the Civil Code quoted; and the costs of the appeal are to be paicl by the plaintiff

 Pouter, J. was absent through indisposition when this case was argued.
By a late act of the assembly, that which required the separate opinion of each judge, in every case, is repealed.